**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-4005-CM |
| ) | |
| SHARON G. JONES, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM AND ORDER

This is a breach of contract case arising from a promissory note and reamortization agreement executed by defendant Sharon G. Jones in favor of the United States Department of Agriculture ("USDA"). Plaintiff seeks a monetary judgment, foreclosure of the real estate mortgage securing the promissory note and reamortization agreement, and sale of the real property identified in the mortgage in partial satisfaction of the judgment. This matter is before the court on plaintiff's motion for summary judgment (Doc. 23).[1] For the following reasons, the court grants plaintiff's motion.

**I.     Factual Background[2]**

On March 28, 1989, defendants Sharon G. Jones and Bobby D. Jones signed and delivered to the USDA a promissory note in which they agreed to pay to the USDA the sum of $32,000 plus interest thereon at 9.75% per annum. In exchange for the promissory note, the USDA made a Rural Housing loan to defendants Sharon G. Jones and Bobby D. Jones. The promissory note is secured by

---

[1]  The record indicates that an Order for *In Rem* Default Judgment was entered against defendant Bobby D. Jones on May 16, 2013, for failure to answer the Complaint. (Doc. 21.) Defendant Michael W. Martin filed an Answer stating that he had no interest in the subject real property. He was dismissed by a May 2, 2013 order (Doc. 17.) Bruce R. Borad and Patricia S. Borad are also named as defendants. Plaintiff represents that these individuals were named as defendants by reason of a mortgage recorded on January 2, 1992. Plaintiff further represents that these defendants admit that their mortgage is junior and inferior to plaintiff's mortgage.

[2]  The following facts are properly supported and not genuinely disputed. *See* Fed. R. Civ. P. 56(c) (explaining procedures for supporting factual positions).

-1-

a real estate mortgage filed of record with the Register of Deeds of Cherokee County, Kansas, on March 28, 1989, on the following property:

> Commencing at a point 1420 feet East and 25 feet South of the Northwest corner of the Southwest Quarter of Section 34, Township 31 South, Range 24 East of the 6th P.M., thence East 150 feet, thence South 145 feet, thence West 150 feet, thence North to place of beginning.

(Doc. 23-1 at 7.)

On April 21, 1992, plaintiff executed a Release from Personal Liability as to defendant Bobby D. Jones. On August 17, 2000 (effective date July 28, 2000), defendant Sharon G. Jones signed a reamortization agreement wherein the reamortized amount (unpaid principal plus interest) became the principal debt of $30,049.46 plus interest at 9.75% per annum.

Subsequently, defendant Sharon G. Jones failed to timely pay installments of principal and interest to the USDA when due under the terms of the promissory note, mortgage, and reamortization agreement.[3] The USDA completed the loan servicing requirements of the Housing Act of 1949 as amended. And, on April 6, 2012, the debt owed by defendant Sharon G. Jones was accelerated for failure to make payments as required and demand was made for payment in full.

There is currently due and owing to the USDA on the defaulted account of defendant Sharon G. Jones the total sum of $29,330.92, as of September 5, 2013, which includes $24,795.77 unpaid principal and $4,535.15 of unpaid interest, plus interest accruing from and after September 5, 2013, at the daily rate of $6.3689.

Plaintiff filed this lawsuit on January 17, 2013, and moved for summary judgment on September 24, 2013. Defendants failed to timely respond to plaintiff's motion. So the court entered a

---

[3] Defendant Sharon G. Jones filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the District of Kansas on September 13, 2006. A discharge was entered and the case was closed on February 12, 2007. Defendant Sharon G. Jones did not reaffirm the promissory note or reamortization agreement.

show cause order on October 28, 2013. Defendant Sharon G. Jones timely responded to the show cause order and directed the court to her answer.[4] (Doc. 25.)

**II.  Legal Standards**

Summary judgment is only appropriate when there are no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the initial burden of demonstrating the absence of a genuine issue of material fact. *Sally Beauty Co. v. Beautyco, Inc.*, 304 F.3d 964, 971 (10th Cir. 2002). Once the moving party makes this showing, the burden shifts to the nonmoving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.*; *L & M Enters. v. BEI Sensors & Sys. Co.*, 231 F.3d 1284, 1287 (10th Cir. 2000) ("Unsupported conclusory allegations . . . do not create a genuine issue of fact."). In ruling on a summary judgment motion, the court views the record in the light most favorable to the nonmoving party. *L & M Enters.*, 231 F.3d at 1287.

**III.  Analysis**

To prevail on its breach of contract claim, plaintiff must prove the existence of a valid contract, an obligation or duty arising out of the contract, a breach of the duty, and damages resulting from the breach. *Pryor v. United States*, 85 Fed. Cl. 97, 104 (Fed. Cl. 2008); *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013). Plaintiff has provided evidence to support all of these elements.[5]

Defendant Sharon G. Jones signed and delivered the promissory note on March 28, 1989. In the promissory note, she promised to pay the sum of $32,000.00 with interest thereon at 9.75% per annum. Defendant Sharon G. Jones failed to make the required principal and interest payments. And plaintiff has demonstrated that it has been damaged in the total amount of $29,330.92, as of

---

[4]  The court finds that defendant Sharon G. Jones timely and fully responded to the show cause order. None of the remaining defendants responded. Therefore, the court considers this motion without the benefit of a response from those defendants.

[5]  The parties do not dispute the first two elements. (Doc. 14 at 8.)

September 5, 2013, as a result of the breaches, and is entitled to interest accruing from and after September 5, 2013, at the daily rate of $6.3689. The court determines that this evidence is sufficient to shift the burden to defendant Sharon G. Jones to set forth specific facts demonstrating that a genuine issue of material fact exists and that a reasonable factfinder could rule in her favor on plaintiff's breach of contract claim.

Defendant Sharon G. Jones does not meet this burden. Her response to the show cause order directs the court to her answer. (Doc. 25.) And her one page answer simply states that she "denies each and every allegation of Plaintiff's Complaint, and demands strict proof thereof." (Doc. 12 at 1.) This unsupported and conclusory response is an insufficient basis for denial of plaintiff's properly supported summary judgment motion. *See Ball v. Renner*, 54 F.3d 664, 665 (10th Cir. 1995) (explaining that if the movant satisfies its initial burden, the "burden shifts to [the nonmovant] to demonstrate the existence of a material issue by identifying specific facts in the record sufficient to create the possibility that a reasonable factfinder might adopt [the nonmovant's] view").

The court is mindful of defendant Sharon G. Jones's pro se status, but the court cannot assume the role of her advocate and construct arguments or theories on her behalf. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (instructing courts to liberally construe pro se pleadings but cautioning that "the court will not construct arguments or theories for the [pro se litigant] in the absence of any discussion of those issues"). Because she fails to demonstrate a genuine issue for trial, the court grants plaintiff's motion.

Plaintiff also seeks to foreclose on the real estate mortgage securing the promissory note. It is undisputed that defendant Sharon G. Jones executed the promissory note and that this contract is secured by a mortgage. The facts also establish that defendant Sharon G. Jones is in default under the terms of the promissory note, the mortgage, and the reamortization agreement. And the facts

demonstrate that plaintiff is authorized to foreclose on the property mortgaged as security for the promissory note. Plaintiff is also entitled to this relief.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 23) is granted.

**IT IS FURTHER ORDERED** that plaintiff shall file a proposed judgment, order, and journal entry by November 22, 2013. Defendants have until December 2, 2013, to file any objections to plaintiff's proposed judgment, order, and journal entry. Defendants may not raise arguments or issues that could have been previously raised or that have been previously addressed.

Dated this 13th day of November, 2013, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
United States District Judge